UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STATE OF OHIO, et al.                                Case No. 1:24-cv-417

    Plaintiff,
                                                     Dlott, J.
vs.                                                  Bowman, M.J.

CHARLES HORTON,

    Defendant.

## REPORT AND RECOMMENDATION

On August 5, 2005, Defendant Charles Horton filed a motion for leave to proceed *in forma pauperis*. (Doc. 1). Mr. Horton is a defendant in a pending state court criminal action and is attempting to remove his criminal matter to this court. On August 12, 2024, Mr. Horton then filed a document that was docketed as an "Amended Complaint" (see Doc. 2) but is actually a copy of the criminal complaint against him in state court as well as additional documents relating to his arrest. Thereafter, on August 28, 2024, Mr. Horton paid the filing fee in this matter, effectively mooting his motion for leave to proceed in forma paurperis. (See Doc. 4). That same day, he filed his notice of removal of the "amended complaint." (Doc. 5). This matter is before the Court for a *sua sponte* review of Mr. Horton's Notice of Removal and documents submitted in support of removal to determine whether the Court has jurisdiction over this matter. See 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

The removal petition alleges that Mr. Cook is a party-defendant to a state court action initiated in Hamilton Municipal Court relating to a traffic stop. Plaintiff was arrested and charged with Driving While Under the Influence of Alcohol/Drugs

1

(misdemeanor-first degree) and Obstructing Official Business (misdemeanor – first degree). (See Doc. 1, 5).

Section 1446 provides the procedures for removing a case. When a criminal case is removed from a state court, the federal court must promptly review the notice of removal. 28 U.S.C. § 1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Section 1443(1) allows a criminal prosecution commenced in state court to be removed to federal court if a defendant "is denied or cannot enforce in the courts of such State a right under a law providing for . . . equal civil rights." Under this provision "it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal citations omitted). The laws justifying removal under § 1443(1) are limited to those guaranteeing racial equality. *See Georgia v. Rachel*, 384 U.S. 780, 786-94 (1966).

In addition, removal under 28 U.S.C. § 1443(1) is limited to those persons who are unable to enforce their right to racial equality because of some formal expression of state law. *Rachel*, 384 U.S. at 803. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219. Nor do claims that a defendant "will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)." *Id.* Here. Mr. Horton has made

2

no claims of racial inequality related to his removal petition and asserts generally that his arrest was unlawful.

Moreover, Mr. Horton has failed to identify any policy of the law of the State of Ohio that denies him the right to equal treatment on account of his race. Accordingly, the Court is without removal jurisdiction under section 1443(1). Nor is Mr. Horton entitled to removal under § 1443(2) which permits removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). Removal under section 1443(2) is available only to federal officers or state officers and persons assisting them in the performance of their duties. *See City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Defendant does not allege that he is a federal or state officers falling within the protection of this statute. The Court finds that the stated basis for Defendant's removal in this case is deficient and that the Court lacks jurisdiction over this case. This matter clearly falls within the jurisdiction of the state courts and not the federal district court.  Accordingly, this matter should be remanded to the state court from which it was removed.

Additionally, this is the fourth in a series of frivolous complaints removed by Defendant Horton. As recently noted by the Court in another of Defendant's cases, this case marks the third time that Defendant Horton has improperly removed a pending state criminal action.  *See State of Ohio v. Charles Horton*, No. 1:19-cv-838, 2019 WL 5696065, (S.D. Ohio, Nov. 04, 2019). *See also State of Ohio v. Charles Horton*, No. 1:19-cv-837, *State of Ohio v. Charles Horton*, No. 1:17-cv-403.

In the most recent cases, the undersigned warned Defendant in the strongest possible terms, based on his pattern of filing frivolous Notices of Removal, that he may be subjected to future sanctions if he makes any future attempt to improperly remove actions from state court to federal court. *State of Ohio v. Charles Horton*, No. 1:19-cv-837; *State of Ohio v. Charles Horton*, No. 1:19-cv-838.

On November 4, 2019, District Judge Dlott adopted the Report and Recommendation, in part, remanded the case back to state court and issued the following: "Defendant is ADMONISHED that the Court will likely impose a monetary sanction against him if he again attempts to improperly remove a civil or criminal case from state to federal court." Id. at Doc. 5

Because Defendant Horton failed to heed that warning and filed yet another frivolous lawsuit, sanctions are appropriate. The repeated filing of frivolous lawsuits by vexatious litigators is a well-recognized problem in the federal courts because such filings require a significant expenditure of limited judicial resources. As a result, district courts have the "inherent authority to issue an injunctive order to prevent prolific litigants from filing harassing and vexatious pleadings." *Brown v. Foley*, No. 20-3272, 2020 WL 8921407, at *2 (6th Cir. July 27, 2020) (citing *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998)). A court may impose pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters. *Feathers*, 141 F.3d at 269. The *Feathers* court recognized there is "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Id*. Without doubt, a litigant who files a case without merit wastes the resources of the Court and the named defendants. See *Martin v. D.C.*

4

*Ct. of Appeals*, 506 U.S. 1, 3 (1992) (noting that every frivolous paper filed causes some drain on the court's limited resources); *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staff to the detriment of parties having meritorious claims).

At this juncture, Defendant Horton's actions rise to the level of prolific and vexatious litigation. See *Feathers*, 141 F.3d at 269 (issuing an injunction to "stanch the ongoing flow of meritless and repetitive" cases). Issuing yet another warning to this particular Defendant clearly would be of no benefit either to him or to this Court, since he seems unable to comply with the Court's warnings or to fully comprehend that his claims are fantastic and irrational. Therefore, the undersigned recommends classifying plaintiff as a vexations litigator such that pre-filing restrictions should be imposed before any additional complaints will be accepted by this Court. See *Marbly v. Wheatley*, 87 F. App'x 535 (6th Cir. 2004) (mandating that pro se plaintiff first seek leave of court prior to filing a lawsuit); *Stewart v. Fleet Fin.*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. Aug. 10, 2000) (requiring harassing and vexatious pro se litigator to file $25,000 bond prior to filing suit is not an abuse of discretion).

In terms of the level of pre-filing restrictions to be imposed, the undersigned notes that requiring court review of any proposed future filings by Defendant would likely result in a further waste of scarce judicial resources. See *Moore v. Hillman*, 2006 WL 1313880, at *5 (W.D. Mich. May 12, 2006) (citing *Sassower v. Am. Bar Assn.*, 33 F.3d 733, 736 (7th Cir. 1994)). Defendant has demonstrated an inability to curtail his litigation practices. With respect to this unique category of abusive litigators, courts have

struggled to find an appropriate remedy that does not expend additional resources in the course of judicial gatekeeping. Thus, courts have restricted pro se litigants from filing further pro se actions without a certification from the Court or an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1992); S*awchyn v. Parma Muni. Ct*., 114 F.3d 1188 (6th Cir. 1997) (unpublished), 1997 WL 321112, *1; *May v. Guckenberger*, No. 1:00-cv-794, 2001 WL 1842462, *6 (S.D. Ohio 2001). The Court finds that a similar sanction is appropriate in this case to deter plaintiff from filing future vexatious and frivolous lawsuits in this Court.  Accordingly, Defendant should be declared a harassing and vexatious litigator and therefore be enjoined and prohibited from filing any additional complaints in the Southern District of Ohio or removing cases from state court to federal court which have not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, or alternatively, which are accompanied by payment of the full filing fee.

Furthermore, in the event Defendant Horton files any new action in a state court that is subsequently removed to this federal court, within 30 days following the removal, Defendant Horton shall submit a certification from an attorney in good standing in this Court or the jurisdiction in which he or she is admitted certifying that the state court complaint is non-frivolous.

Accordingly, for these reasons, it is therefore **RECOMMENDED** that this action be **REMANDED** back to the state court from which it was removed.  It is further **RECOMMENDED** that Defendant Horton should be declared a harassing and vexatious litigator and therefore be enjoined and prohibited from filing any additional complaints or

notices of removal in the Southern District of Ohio which have not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, or alternatively, which are accompanied by payment of the full filing fee. Additionally, it is RECOMMENDED that should Defendant Horton file a new action in state court that is subsequently removed to this federal court that, within 30 days of its removal, Defendant Horton shall submit a certification that meets the pre-filing restrictions outlined above. Last, it is **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

STATE OF OHIO,

    Plaintiff,

vs.

CHARLES HORTON,

    Defendants.

Case No. 1:17-cv-403

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).